UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Media Technology Source, Inc.
D/b/a Caddy Products,

Plaintiff,

v.

MEMORANDUM OPINION
AND ORDER
Civil No. 00-1470 (MJD/JGL)

Cy Young Industries, Inc.

Defendant.

---

Kyle E. Hart and Richard G. Jensen, Fabyanske, Westra and Hart, P.A. for and on behalf of Plaintiff.

Gary Hansen, Oppenheimer, Wolff & Donnelly, LLP, for and on behalf of Defendant.

---

Plaintiff Media Technology Source, Inc. d/b/a Caddy Products is a Minnesota corporation that manufactures a variety of products and accessories for public seating, such as cup holders, service trays and upholstered arm rests. Plaintiff owns a number of patents relevant to its business, and relevant to this lawsuit is Patent No. 5,234,251 ('251 patent).

Defendant Cy Young Industries, Inc. is a Missouri corporation that manufactures products, including injection-molded plastic cup holder arms. These products are sold to entities that use them in manufactured movie-theatre seats. Defendant also owns certain patents, two of which are relevant to this lawsuit, Patent Nos. 4,262,962 ('962 patent) and 5,118,063 ('063 patent).

AUG 16 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On May 26, 2000, Plaintiff sent a cease and desist letter to Defendant, demanding that Defendant cease and desist manufacturing and selling its C-1 armrest on the basis that it infringed Plaintiff's '251 patent. Defendant responded by letter dated June 5, 2000, denying the allegations of infringement, and accusing Plaintiff of infringing Defendant's '962 patent.

Thereafter, Plaintiff brought this action alleging that Defendant's C-1 armrest infringes its '251 patent. Plaintiff also asserted a claim of false marking, and a claim for declaratory relief that its products do not infringe Defendant's patents.

Currently before the Court is Defendant's motion to dismiss for lack of personal jurisdiction. Subsequent to the hearing on this motion, Plaintiff was granted leave to file a Second Amended Complaint. For purposes of deciding this motion, the Court will refer to the Second Amended Complaint.

<u>Personal Jurisdiction</u>

Federal courts have been instructed to use a two-step inquiry when determining whether it has jurisdiction over a non-resident party: (1) whether the facts presented satisfy the forum state's long-arm statute, and (2) whether the non-resident has minimum contacts with the forum state, so that the court's exercise of jurisdiction would be fair and in accordance with due process." <u>Soo Line R. Co. v. Hawker Siddeley Canada, Inc.</u>, 950 F.2d 526, 528 (8th Cir. 1991). The inquiry collapses into a single question of whether the exercise of personal jurisdiction comports with due process, when a state construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the due process clause. <u>Bell Paper</u>

Box, Inc. v. U.S. Kinds, Inc., 22 F.3d 816, 818 (8th Cir. 1994). Minnesota has construed its long-arm statute to have the maximum extraterritorial effect allowed under the due process clause. Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 410-411 (Minn. 1992).

The due process clause requires that there be "minimum contacts" between the defendant and the forum state before the forum state may exercise jurisdiction over the defendant. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The "minimum contacts" requirement will be satisfied if the defendant's conduct and connection with the forum state is such that the defendant should reasonably anticipate being haled into the forum state's court. World-Wide, at 291. Furthermore, the maintenance of the suit in the forum state must not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(citations omitted).

Where the plaintiff's claims arise out of, or are connected with, the defendant's activities in the forum state, maintenance of the action generally does not offend "traditional notions of fair play and substantial justice." Morris v. Barkbusters, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991)(citation omitted).

When a defendant challenges jurisdiction, the burden is on the plaintiff to prove the minimum contacts necessary to satisfy due process. Hardrives, Inc. v. City of LaCrosse, Wisconsin, 307 Minn. 290, 240 N.W.2d 814, 816 (1976). See also, Newhard, Cook & Co. v. Inspired Life Centers, Inc., 895 F.2d 1226, 1228 (8th Cir. 1990). "At the pre-trial stage, however, the plaintiff need only make a

prima facie showing of sufficient Minnesota-related activities through the complaint and supporting evidence, which will be taken as true." Hardrives, 240 N.W.2d at 816.

Federal Circuit law controls this Court's determination of whether it has personal jurisdiction over Defendant. See, 3D Systems, Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1377 (Fed. Cir. 1998). A non-resident defendant may be subject to personal jurisdiction under either the theory of general jurisdiction, where such defendant maintains continuous and systematic contacts with the forum state, or specific jurisdiction, where the defendant purposefully establishes minimum contacts with the forum state, and the cause of action arises out of such contacts.

In determining whether specific jurisdiction exists, the Federal Circuit has developed a three part test: 1) whether the defendant purposefully directed its activities at residents of the forum state; 2) whether the claim arises out of or relates to those activities; and 3) whether assertion of personal jurisdiction is reasonable and fair. Akro Corporation v. Luker, 45 F.3d 1541, 1545-1546 (Fed. Cir. 1995).

Plaintiff asserts that in discovery, it has learned that Defendant has sold approximately 6700 S-7 cup holders in Minnesota. The S-7 cup holders relate to the '962 patent that Defendant claims Plaintiff has infringed. See Bergin Supplemental Affidavit ¶ 5. The S-7 product is also the subject of the false marking claim contained in Count II of the Second Amended Complaint. Id. Plaintiff further asserts that recently, Defendant had been in contact with two

Minnesota residents regarding potential sales of products that form part of the subject matter of the lawsuits. Plaintiff asserts that these contacts show that Defendant's marketing efforts, including ads and its website, have been successful.

Defendant asserts that Plaintiff has failed to satisfy the three part test set forth in Akro, because Plaintiff has failed to show that any of its allegedly infringing armrests, the C-1, has been sold in Minnesota. Defendant further argues that its S-7 cup holder does not embody the patent that is at issue in the declaratory relief count of Plaintiff's complaint. Because Plaintiff has not submitted any evidence that any of Defendant's products that are the subject of Plaintiff's infringement claim or the declaratory relief claim have been sold in Minnesota, dismissal for lack of personal jurisdiction is appropriate.

Jurisdiction is not defeated simply because Plaintiff has failed to submit evidence that Defendant's C-1 armrest (the subject of Plaintiff's infringement claim) has been sold in Minnesota, or because Plaintiff has not specifically stated that the S-7 cup holder has been falsely marked. For example, in B & J Manufacturing Company v. Solar Industries, 483 F.2d 594 (8th Cir. 1973), cited with approval in Akro, at 1547-1548, the court held that because the defendant sold many of its products in Minnesota, personal jurisdiction was established even though there was no evidence that products that were the subject of the asserted patent were sold in Minnesota.

> The fact that the defendant has, itself, not directly or indirectly sold the [product at issue] in the state because it did not wish the plaintiff to be able to obtain jurisdiction over it in this action hardly defeats jurisdiction here. Rather, the extensive contacts, taken together with the admonition of the Minnesota court in Hunt [to broadly interpret long arm statute to afford

> maximum protection to Minnesota residents], compel the conclusion that service of process was properly made and jurisdiction over the defendant was obtained.

Id. at 598.

The Court finds that the sale of the S-7 cup holders in Minnesota, the mailing of Defendant's cease and desist letter, together with Defendant's marketing efforts in Minnesota, establish that Defendant has purposefully directed its activities to residents of Minnesota that are related to Plaintiff's claims.

The Court further finds that the assertion of personal jurisdiction over Defendant in this District is both reasonable and fair. The burden of showing that jurisdiction is reasonable and fair is on Defendant. Akro, at 1549. Defendant has not, however, met its burden. Minnesota "has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). Defendant's only argument on this issue is that it would be unfair to force Defendant to litigate this case in Minnesota when Plaintiff has failed to establish the requisite contacts to Minnesota. Based on the Court's finding that sufficient contacts have been established, this argument is moot.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

Date:

August 16 2001

Michael J. Davis
United States District Court